UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| JAMES W. THURMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:22-CV-00119 |
| vs. | ) |
| | ) |
| BILL CHARIOT, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AND REPORT AND RECOMMENDATION**

This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) for consideration of Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. 1] and all issues connected thereto. The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S. Ct. 85(1948); *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827 (1989). To that end, the statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728 (1992). The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis*, the petitioner must initially show by affidavit the inability to pay court fees and costs. 28 U.S.C. § 1915(a). One need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins*, *supra*. An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot because of poverty afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

Here, Plaintiff filed a pro se Complaint [Doc. 2] and Motion to Proceed *In Forma Pauperis* [Doc. 1] on September 28, 2022. After reviewing Plaintiff's Motion, the Court determined additional information was needed before a determination regarding Plaintiff's indigency could be reached [Doc. 4]. Specifically, Plaintiff was directed to supplement his Motion by providing additional information that the property he purported to own in his initial application as well as any liens against it. *See* [Docs. 1, 4]. Defendant provided supplemental information stating he lives in a building on the property that he estimates is valued at $20,000 with a $7,800 lien against it. [Doc. 6]. Additionally, Defendant stated the property is still in his mother's name because he has not been able to afford to go through the probate process to have the property transferred to his name. *Id.*

In the present case, Plaintiff's Motion to Proceed *In Forma Pauperis* and the petitioner's economic status have been considered in the decision of whether to grant leave to proceed *in forma pauperis*. The Motion [Doc. 1] and supplemental information [Doc. 6] set forth grounds for so proceeding. The Motion to Proceed *In Forma Pauperis* [Doc. 1], therefore, is **GRANTED**.

Because Plaintiff is an inmate, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Greeneville, TN 37743, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see also Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time**. Before the Court can determine whether it is appropriate for process to issue, it is required to screen Plaintiff's Complaint to assess whether it sets forth claims that may provide Plaintiff relief under the law as to one or more of the named defendants. The Court notes that pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319, 109 S. Ct. 1827.

I. THE SCREENING STANDARD

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must also screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are brought against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999); *see also Neitzke*, 490 U.S. 319. The dismissal standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, even under this lenient standard, a claim will be dismissed if it is

frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke,* 490 U.S. at 325). The Court is not permitted to "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . ..'" *Profitt v. Divine Sol.*, No. 3:10-CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985)). The Court now undertakes its role in screening Plaintiff's Complaint [Doc. 2] and supplements thereto [Docs. 5-9].

In Plaintiff 's complaint, he broadly alleges that certain members of the Athens, Tennessee Police Department and McMinn County, Tennessee Sheriff's Department have illegally targeted him in an investigation. He alleges that officers have surveilled his property from a neighbor's home and asked the neighbor questions about him, and that they also came to the hospital while he was there as a patient seeking information about him. Plaintiff appears to be suing state law enforcement officers under 42 U.S.C. § 1983, which permits suit against government officials for violations of rights under the Constitution or other laws while acting under color of law. *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). In other words, it is possible for Plaintiff to set forth a colorable § 1983 claim if he provides sufficient factual detail to support the barebones allegations set forth in his original complaint. But here, Plaintiff does not describe what specific actions were taken, on what dates the actions were taken nor what specific actions those named as defendants took. Further, he does not explain how the alleged investigation was illegal.[1] Without

---

[1] The sole reasoning Plaintiff provides for the investigation against him being illegal appears to be that no judge or district attorney approved the investigation. *See* [Doc. 6, p. 2].

this information, the Court must conclude that Plaintiff has failed to state a colorable claim which may proceed.[2]

## II. CONCLUSION

For reasons stated above, the undersigned recommends that Plaintiff's Complaint [Doc. 2] be **DISMISSED without prejudice**. In making this recommendation, this Court notes that Plaintiff was previously placed on notice that his Complaint failed to state a claim on which relief can be granted and described some of the deficiencies which led the Court to that conclusion. [Doc. 4]. Additionally, Plaintiff was advised that should he fail to provide the additional information referenced, it would result in this Court recommending to the District Court that Plaintiff's claims be dismissed. This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[3]

Respectfully submitted,

s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has treated the letters and supplements submitted by Plaintiff as amendments to his original Complaint.
[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).